**FILED**
**Jan 25, 2019**
**03:02 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| VALDEZ VENTURA,<br>Employee, | )<br>) | Docket No. 2015-07-0194 |
| v. | )<br>) | State File No. 64310-2015 |
| CCON METALS USA, INC.,<br>Employer. | )<br>)<br>)<br>) | Judge Amber E. Luttrell |

---

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

---

This matter came before the Court on January 22, 2019, on CCon Metals' Motion for Summary Judgment. For the following reasons, the Court holds CCon is entitled to summary judgment.

### Claim History

Mr. Ventura alleged an illness resulting from lead exposure while working for CCon Metals. Initially, Mr. Ventura sought unauthorized treatment with his primary care physician, Dr. Paul Schwartz. He later sought treatment from Dr. Timothy Linder, a panel-selected physician. Dr. Linder saw Mr. Ventura twice, diagnosed epigastric abdominal pain, and recommended he see his primary doctor for follow-up. Dr. Linder concluded, "lead levels are normal, having stomach problems and muscle aches, feel he needs abdomen work up and muscle work up but do not feel it is related to lead level." Dr. Linder completed a Form C-32 Standard Form Medical Report, which confirmed that Mr. Ventura did not suffer an employment-related injury.

Following an Expedited Hearing, the Court entered an order denying benefits and held that Mr. Ventura did not come forward with sufficient proof to show he is likely to prevail at trial. Specifically, the Court held Mr. Ventura failed to show a work-related incident, identifiable by time and place of occurrence, that caused his symptoms. The Court further held that Mr. Ventura failed to produce any medical evidence to support his claim. The only medical proof came from Dr. Linder, the panel-selected physician. Dr. Linder concluded that Mr. Ventura's lead levels were normal and he did not sustain an employment-related illness. As the panel-selected physician, Dr. Linder's causation

1

opinion is afforded a presumption of correctness that is rebuttable only by a preponderance of the evidence.

The Court entered a Scheduling Order on August 31 setting the Compensation Hearing, as well as various deadlines, including a medical expert proof deposition deadline of December 28.

CCon Metals filed this motion on November 30, 2018. At the hearing on January 22, it argued that Mr. Ventura's medical proof deadline passed and he provided no medical evidence to support his claim. Thus, his evidence is insufficient to establish medical causation. CCon additionally argued it negated the element of causation through Dr. Linder's opinion in his C-32. Accordingly, CCon contended it is entitled to summary judgment. Mr. Ventura did not file a response as required by Rule 56.

**Analysis**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

As the moving party, CCon must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Mr. Ventura's claim, or (2) demonstrate that Mr. Ventura's evidence is insufficient to establish an essential element of his claim. *See* Tenn. Code Ann. § 20-16-101 (2018); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If CCon is successful in meeting this burden, Mr. Ventura must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Rye*, at 265.

Because Mr. Ventura failed to respond to the motion, the Court finds the facts are undisputed and turns to the issue of whether under Rule 56 summary judgment is "appropriate."

The Court holds CCon successfully negated the essential element of medical causation. Dr. Linder concluded Mr. Ventura's lead levels were normal and he did not sustain an employment-related illness. As the panel-selected physician, Dr. Linder's causation opinion is afforded a presumption of correctness. Tenn. Code Ann. § 50-6-102(14)(E) (2018). Moreover, Mr. Ventura failed to produce any expert medical evidence to support his allegation that his illness arose primarily out of his employment.

In responding to CCon's motion, Mr. Ventura must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in his favor[.]" *Rye*, at 265. Further, he must do more than simply offer hypothetical evidence; he must produce evidence at this summary judgment stage of the case that is sufficient to establish the essential elements of his workers' compensation claim. *Id.*

2

Here, Mr. Ventura produced no material facts for the Court to find in his favor. Instead, he stated at the hearing that he has informational materials a hospital provided him when they discharged him and stated that a physician's assistant, Valerie Barber, "treated him and healed him."

Although the Court is aware of Mr. Ventura's sincere belief that his illness arose primarily out of his work exposure to lead, his lay opinion alone is legally insufficient to refute Dr. Linder's conclusions. Regarding the employee's burden to provide medical proof, the Appeals Board held:

> In cases . . . where an employer has presented expert medical proof that the employee's condition is not work-related, the employee must present expert medical proof that the alleged injury is causally related to the employment when the case is not "obvious, simple [or] routine." While lay testimony may be probative on the issue of causation, it is insufficient to meet an employee's burden of proof in the absence of medical evidence.

*Berdnik v. Fairfield Glade Cmty. Club,* 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at \*10 (May 18, 2017) (internal citations omitted).

Accordingly, CCon's Motion for Summary Judgment is granted, and Mr. Ventura's claim is dismissed with prejudice.

The costs of this cause are taxed to CCon under Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07, to be paid within five days of this order becoming final. CCon shall prepare and submit the SD-2 for this matter within ten days of the date of this order. Absent appeal, this order shall become final thirty days after entry.

**IT IS SO ORDERED.**

**ENTERED January 25, 2019.**

**Judge Amber E. Luttrell**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on January 25, 2019.

| Name | First Class Mail | Via Email | Service sent to: |
|---|---|---|---|
| Valdez Ventura, Employee | X | X | 112 Plum St., Selmer, TN 38375 |
| Hailey David, Attorney for Employer | | X | davidh@waldrophall.com smithj@waldrophall.com |

Penny Shrum, Court Clerk
wc.courtclerk@tn.gov

4